UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN BUDSBERG,<br><br>                Plaintiff,<br>v.<br><br>TED SPICE, et al.,<br><br>                Defendants. | CASE NO. 17-5681 RJB<br><br>Adversarial Case No. 17-04010 BDL<br><br>Bankruptcy Case No. 13-46104 BDL<br><br>ORDER DENYING MOTION TO WITHDRAW THE REFERENCE |

This matter comes before the Court on Defendant Ted Spice's Motion for Withdrawal of the Reference of Adversary Proceeding. Dkt. 1. The Court has considered the pleadings filed regarding the motion and the remaining record.

This case is an adversarial proceeding arising from a bankruptcy case filed on September 26, 2013 by Mark L. Dubois and Donna Dubois relating to interests in real property located in Pierce and Kitsap Counties. Dkt. 1-1. The properties at issue here may have belonged, at least in part, to Donna Dubois's mother, who is now deceased. *Id.* Defendant Spice now moves for

ORDER - 1

withdrawal of the reference to U.S. Bankruptcy Court. Dkt. 1-1. For the reasons provided below, the motion should be denied.

I. **FACTS**

This case is an adversarial proceeding filed on January 27, 2017 by Brian L. Budsberg, the bankruptcy Trustee for the bankruptcy Estate of Mark L. Dubois and Donna Dubois, and asserts claims against Defendant Spice "for a determination as to the extent and validity of his interest in real property of the Estate as well as for approval, under 11 U.S.C. § 363(h), of a sale [of] the co-owner's [interest] in real property which is part of the bankruptcy estate . . ." Dkt. 1-1, at 27-35. On January 31, 2017, Defendant Spice filed a "Declaration of Ted Spice Claiming Homestead Exemption and Notice Regarding Third Party Conflicting Property States and Pending State Court Appeals Cases." Dkt. 1-1, at 3. Counsel appeared for Defendant Spice on March 20, 2017. *Id.* Defendant Spice answered and asserted counter claims against Mark and Donna Dubois for breach of contract, conversion, unjust enrichment, fraudulent inducement, tortious interference with existing business contracts, tortious interference with existing business relationships, violations of Washington's Consumer Protection Act, embezzlement, "alienated property of the deceased," negligent misrepresentation, breach of fiduciary duty, violations of Washington's Fraudulent Transfers Act, and "non-compliance with 11 U.S.C. § 363 (h)(4)" related to the Dubois' alleged attempts to transfer, assign or sell the properties at issue. Dkt. 1-1, at 4 and 37-54. The bankruptcy court has held status hearings in the case, the last of which was on July 11, 2017; the next status hearing is set for September 20, 2017. Dkt. 1-1, at 4.

The parties' dispute over real properties, including the ones at issue here, began shortly after Donna Dubois filed a case in 2010 to probate her mother's estate *Estate of Doris E. Mathews,*

ORDER - 2

Pierce County, Washington Superior Court case number 10-4-00037-5. Dkt. 1-1, at 8. Lengthy state court proceedings in various cases ensued. *Id.*

After Donna and Mark Dubois declared bankruptcy in 2013, Defendant Spice filed a proof of claim against them in December of 2015 and again in June of 2016, related, in part, to the real property at issue here. Dkt. 1-1, at 11.

In February of 2017, (just after this adversarial proceeding was filed) Defendant Spice filed a case in a state court against the Estate of Doris Mathews, Donna Dubois, Mark Dubois, and the Doris Elaine Mathew Living Trust. *Spice v. Estate of Doris E. Mathews,* Pierce County, Washington Superior Court case number 17-2-06511-6. The amended complaint in that case asserts claims for fraud, "agent acting without authority," violation of "RCW 11.76," "failure to provide funds for litigation and development costs," waste, and violation of Washington's Consumer Protections Act all related to the real property in Pierce County at issue here. Dkt. 1-1, at 118-137; *Spice v. Estate of Doris E. Mathews,* Pierce County, Washington Superior Court case number 17-2-06511-6.

After a status conference with the Bankruptcy Court on July 11, 2017, Defendant Spice filed this motion to withdraw the reference on July 21, 2017. Dkt. 1-1, at 7-18. The Trustee has responded and opposes the motion. Dkt. 1-1, at 67-69. Defendant Spice replied (Dkt. 1-1, at 93-97) and the motion is ripe for decision.

## II. DISCUSSION

This case was referred to the U.S. Bankruptcy Court for the Western District of Washington pursuant to 28 U.S.C. § 157 (a). Under Local Rule W.D. Wash. 87 (a), all bankruptcy cases are automatically referred to the bankruptcy judges of this district. Pursuant to Local Rule W.D. Wash. Bankr. 5011-1, a party may move to withdraw the reference. Rule 5011-1 further

provides that, "[t]he district court may in its discretion grant or deny the motion in whole or in part, and may make such orders as it deems appropriate for the orderly disposition of the case or proceeding."

Section 157 (d) governs when a district court **must** withdraw the reference of a case to the bankruptcy court and when it **may** withdraw the reference. *Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997)(*citing* 28 U.S.C. § 157(d)). As the moving party, Defendant Spice has the burden to show that withdrawal of the reference is warranted. *See In re Ponce Marine Farm, Inc.,* 172 B.R. 722 (D. Puerto Rico 1994).

The mandatory withdrawal of the reference provision in 28 U.S.C. § 157 (d), provides in part, "[t]he district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce."

Defendant Spice makes no showing that the mandatory withdrawal provision of § 157 (d) applies. The claims raised here are state law claims or are claims under title 11. There is no showing that resolution of the proceeding will require consideration of federal laws aside from the bankruptcy provisions.

The permissive withdrawal of the reference provision in § 157 (d) provides, "[t]he district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." 28 U.S.C. § 157 (d). Accordingly, a motion to withdraw must be timely: that is it must be "made as promptly as possible in light of the developments in the bankruptcy proceeding." *Sec. Farms*, at 1007, n. 3. Further, "[i]n determining whether 'cause' exists, a district court should consider the efficient

ORDER - 4

use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Sec. Farms,* at 1008.

Defendant Spice's motion to withdraw the reference was not timely filed. His motion was filed six months after this adversarial case was filed. *See Laine v. Gross*, 128 B.R. 588, 589 (D. Me. 1991) (motion to withdraw the reference was untimely when filed over six months after the need for withdrawal became apparent). The subject matter of the adversarial case was not new to Defendant Spice; legal wrangling over the subject properties between Defendant Spice and the debtors (and the Trustee of their estate) has been going on for years. His failure to timely file this motion counsels against granting the motion.

Consideration of the judicial efficiency factor also advises against withdrawing the reference at this time. In regard to the efficiency factor, a district court should consider whether the bankruptcy court could enter a final judgment. *Sec. Farms,* at 1007. As non-Article III courts, bankruptcy courts may only enter judgments in "core proceedings." 28 U.S.C. § 157 (b)(2). "Core proceedings are those that arise in a bankruptcy case or under Title 11. The detailed list of core proceedings in § 157 (b)(2) provides courts with ready examples of such matters." *Stern v. Marshall,* 131 S.Ct. 2594, 2605 (2011). A non-core proceeding is an "action that do[es] not depend on bankruptcy laws for [its] existence and that could proceed in another court." *Sec. Farms,* at 1007. Even assuming that this case contains some non-core proceedings, withdrawal of the reference at this time is not warranted. For non-core matters, bankruptcy judges can make a Report and Recommendation of proposed findings of fact and conclusions of law, which the district court reviews, de novo. 28 U.S.C. § 157 (c)(1). The bankruptcy judge assigned to this case (and the underlying bankruptcy) has extensive familiarity with the facts and issues raised regarding the ownership of the subject properties, the procedural history of both the

state and federal bankruptcy cases, the various orders the courts have issued, and has expertise in the applicable bankruptcy law. *See In re Temecula Valley Bancorp, Inc.*, 523 B.R. 210, 224 (C.D. Cal. 2014); *See Gillespie v. 100% Nat. Gourmet Inc.*, CV-14-02702-PHX-GMS, 2015 WL 736296, at *3 (D. Ariz. Feb. 20, 2015). Defendant Spice's jury demand does not change the result. Referrals to a bankruptcy judge do not have to be withdrawn immediately after assertion of jury demand. *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007). "Instead, the bankruptcy court is permitted to retain jurisdiction over the action for pre-trial matters." *Id.* If the case reaches the point where a trial is necessary on non-core claims, the motion to withdraw the reference could be re-filed, if appropriate, and in accord with Local Rule W.D. Wash. Bankr. 5011-1 (b), "the bankruptcy court judge may file a recommendation regarding the motion, including but not limited to a recommendation as to whether reference should be withdrawn, the nature and status of the case, and whether there is need for an expedited resolution," at the conclusion of pre-trial proceedings. Judicial economy is served by leaving the reference in place at the present time.

Moreover, withdrawal of the reference now would result in a delay and costs to the parties while the undersigned determines which issues should be determined by the Bankruptcy Court and which by the District Court. The facts, parties, circumstances of the various cases, and the applicable law are complex. The Bankruptcy Court is in a better position, because of its already lengthy involvement in the case, to determine these issues.

The uniformity of bankruptcy administration and the prevention of forum shopping also favor not withdrawing the reference at this time. The Plaintiff argues that Defendant Spice filed this motion with an improper purpose – forum shopping. Dkt. 1-1, at 68. Plaintiff points out that during the July 11, 2017 status hearing, the bankruptcy court expressed concern that Defendant

Spice's cross claims in this case may have violated the discharge injunction. Dkt. 1-1, at 68. Plaintiff points out that the motion to withdraw the reference was filed less than two weeks later. Dkt. 1-1, at 68. Plaintiff notes that Defendant Spice's motion to withdraw the reference states that he is "requesting this matter be removed from the [bankruptcy court] . . . thereby allowing for truly disinterested judicial oversight of this matter." Dkt. 1-1 at 68 (*citing* Defendant Spice's motion, Dkt. 1-1, at 10). Defendant Spice asserts that the motion was filed a few weeks before the hearing, but was improperly docketed. Dkt. 1-1, at 95. Even if the motion was improperly docketed, Defendant Spice's motion is still untimely, a such an untimely motion to withdraw the reference "contributes to the risk of forum shopping." *See In re Nw. Territorial Mint, LLC*, C16-01895-JCC, 2017 WL 568821, at *4 (W.D. Wash. Feb. 13, 2017). Further, particularly if there are issues regarding violation of the Bankruptcy Court's orders, the uniformity of bankruptcy administration is implicated, and so the motion to withdraw the reference should be denied at this time. "Only by allowing the bankruptcy court to retain jurisdiction over the action until trial is actually ready do we ensure that our bankruptcy system is carried out." *In re Healthcentral.com*, at 788. The motion to withdraw the reference should be denied.

### III. ORDER

It is **ORDERED** that:

- Defendant Ted Spice's Motion for Withdrawal of the Reference of Adversary Proceeding (Dkt. 1) **IS DENIED**; and
- This case is **RE-REFERRED** to U.S. Bankruptcy Judge Brian D. Lynch.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

///

Dated this 6th day of September, 2017.

ROBERT J. BRYAN
United States District Judge

ORDER - 8